JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 20 2003

FILED
CLERK'S OFFICE

## DOCKET NO. 1456

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION

*John Rice v. Abbott Laboratories, Inc., et al.,* N.D. California, C.A. No. 3:02-3925   03-11285-PBS
*Constance Thompson v. Abbott Laboratories, Inc., et al.,* N.D. California, C.A. No. 3:02-4450   03-11286-PB[S]

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,[*] JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in these two actions (*Rice* and *Thompson*) to vacate the Panel's orders conditionally transferring *Rice* and *Thompson* to the District of Massachusetts for inclusion in the Section 1407 proceedings occurring there in this docket. All responding defendants oppose the motions to vacate and favor inclusion of these actions in Section 1407 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that *Rice* and *Thompson* involve common questions of fact with the actions in this litigation previously transferred to the District of Massachusetts, and that transfer of these actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that the pending motion to remand *Rice* to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions concerning whether

---

[*] Judge Selya did not participate in the decision of this matter. In light of the fact that three members of the Panel could be members of the putative class(es) in this litigation, each of those members has filed with the Clerk of the Panel a formal renunciation of any claim that he might have as a putative class member thereby removing any basis for a disqualification on that ground. Alternatively, should it be determined for any reason that a disqualification survives the renunciation of any claim, the Panel invokes the Rule of Necessity to decide the matters now before it on the authority of, and for reasons explained in, *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

- 2 -

(either singly or as part of a conspiracy) the pharmaceutical defendants engaged in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price of certain prescription drugs in order to increase the sales of these drugs to health care professionals and thereby boost the pharmaceutical companies' profits. *See In re Pharmaceutical Industry Average Wholesale Price Litigation*, 201 F.Supp.2d 1378 (J.P.M.L. 2002).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman